ORIGINAL

Approved: *Peter D.*
PETER J. DAVIS
Assistant United States Attorney

Before: THE HONORABLE ROBERT W. LEHRBURGER
United States Magistrate Judge
Southern District of New York

- - - - - - - - - - - - - - - - - 19MAG3252

UNITED STATES OF AMERICA        :   19 Mag.
                                :
         - v. -                 :   RULE 5(c)(3)
                                :   AFFIDAVIT
LOUIS SHEPPARD,                 :
    a/k/a "Pete"                :
                                :
                   Defendant.   :
                                :
- - - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss:

PHILLIP BRANDON GAUTNEY, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigation ("FBI"), and charges as follows:

On or about March 28, 2019, the United States District Court for the Eastern District of Virginia issued a warrant for the arrest of "Louis Sheppard, a/k/a 'Pete'" based on a criminal complaint charging him with conspiracy to manufacture distribute, and possess with intent to manufacture and distribute heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A), and with possession with intent to distribute heroin and aiding and abetting same, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2. A copy of the signed arrest warrant and the signed complaint and unsigned affidavit in support of the criminal complaint are attached hereto as Exhibits A and B, respectively, and incorporated by reference.

I believe that LOUIS SHEPPARD, a/k/a "Pete", the defendant, who was taken into FBI custody on April 2, 2019, in the Southern District of New York, is the same individual as "Louis Sheppard, a/k/a 'Pete'" who is wanted by the United States District Court for the Eastern District of Virginia.

The bases for my knowledge and for the foregoing charge are, in part, as follows:

1. I am an FBI agent. I have been personally involved in determining whether LOUIS SHEPPARD, a/k/a "Pete," the defendant, is the same individual as the "Louis Sheppard, a/k/a 'Pete,'" named in the March 28, 2019 arrest warrant from the United States District Court for the Eastern District of Virginia. Because this Affidavit is being submitted for the limited purpose of establishing the identity of the defendant, I have not included in this Affidavit each and every fact that I have learned. Where I report statements made by others, those statements are described in substance and in part, unless otherwise noted.

2. Based on my review of documents from proceedings in the United States District Court for the Eastern District of Virginia, I know that, on or about March 28, 2019, the United States District Court for the Eastern District of Virginia issued a warrant for the arrest of "Louis Sheppard, a/k/a 'Pete'" (the "Arrest Warrant"). The Arrest Warrant was issued based on a complaint charging "Louis Sheppard, a/k/a 'Pete,'" with conspiracy to manufacture distribute, and possess with intent to manufacture and distribute heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A), and with possession with intent to distribute heroin and aiding and abetting same, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 18 U.S.C. §2.

3. On April 2, 2019, at approximately 6:00 a.m., I arrested LOUIS SHEPPARD, a/k/a "Pete," the defendant. Prior to his arrest, I reviewed photographs from a social media account of the "Louis Sheppard, a/k/a 'Pete'" named in the Arrest Warrant as well as a driver's license photograph of the "Louis Sheppard, a/k/a 'Pete'" named in the Arrest Warrant. Based on this review, as well as my personal participation in the investigation of "Louis Sheppard, a/k/a 'Pete,'" I believe that the "Louis Sheppard, a/k/a 'Pete'" being sought by the Eastern District of Virginia is LOUIS SHEPPARD, a/k/a "Pete," the defendant. Additionally, following his arrest, SHEPPARD stated that his name was "Louis Sheppard" and that his date of birth was September 19, 1975. Based on my review of law enforcement records, I am aware that this date of birth matches that of "Louis Sheppard, a/k/a 'Pete'" for whom the Arrest Warrant was issued. Moreover, SHEPPARD confirmed that the social media

photographs that I reviewed of the "Louis Sheppard, a/k/a 'Pete'" named in Arrest Warrant depicted SHEPPARD.

WHEREFORE, I respectfully request that LOUIS SHEPPARD, a/k/a "Pete," the defendant, be imprisoned or bailed as the case may be.

_____
Special Agent Phillip Brandon Gautney
Federal Bureau of Investigation

Sworn to before me this
2nd day of April, 2019.

_____
THE HONORABLE ROBERT W. LEHRBURGER
United States Magistrate Judge
Southern District of New York

# EXHIBIT A

AO 442 (Rev. 11/11) Arrest Warrant

**ORIGINAL SEALED**

# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

United States of America
v.
Louis Sheppard, a/k/a "Pete"

Case No. 2:19mj194

Defendant

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)* Louis Sheppard, a/k/a "Pete",
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment   ☐ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☒ Complaint
☐ Probation Violation Petition   ☐ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of the Court

This offense is briefly described as follows:

21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A): Conspiracy to Manufacture, Distribute, and Possess with Intent to Distribute One Kilogram or More of Heroin.

21 U.S.C. § 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2: Possession with Intent to Distribute 100 Grams or More of Heroin and Aiding and Abetting.

**INFORMATION COPY ONLY**
**NOTICE: BEFORE ARREST, VALIDATE THROUGH NCIC. ORIGINAL HELD BY U.S. MARSHAL.**

Date: 03/28/2019

*Issuing officer's signature*

City and state: Norfolk, Virginia

Lawrence R. Leonard
United States Magistrate Judge
*Printed name and title*

---

**Return**

This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____
at *(city and state)* _____

Date: _____

_____
*Arresting officer's signature*

_____
*Printed name and title*

# EXHIBIT B

02/28/2014  19:26    2123848289                    C20                              PAGE 06/06

March 2016 AO 91 (Rev. 01/09) Criminal Complaint

COPY

## UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

SEALED

MAR 28 2019

| United States of America | ) |
| v. | ) UNDER SEAL |
| | ) Case No. 2:19mj194 |
| Louis Sheppard, a/k/a "Pete" | ) |
| | ) |
| Defendant. | ) |

### CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief, that in or about 2011 to June 2017, in the Eastern District of Virginia, the defendant violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A) | Conspiracy to Manufacture Distribute, and Possess with Intent to Manufacture and Distribute Heroin |
| 21 U.S.C. § 841(a)(1), (b)(1)(B), 18 U.S.C. § 2 | Possession with Intent to Distribute Heroin and Aiding and Abetting |

This criminal complaint is based on these facts:

☒ Continued on the attached sheet. (Please see attached Affidavit)

READ AND REVIEWED:

_/s/ William B. Jackson_
William B. Jackson
Assistant United States Attorney

_/s/ Phillip B. Gautney_
Complainant's signature
Phillip B. Gautney, FBI Special Agent
Printed name and title

Sworn to before me and signed in my presence.

Date: 3-28-19

City and state: Norfolk, Virginia

_/s/ Lawrence R. Leonard_
Judge's signature
Lawrence R. Leonard
United States Magistrate Judge
Printed name and title

**UNDER SEAL**

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR CRIMINAL COMPLAINT AND ARREST WARRANT

### INTRODUCTION

1. I, Phillip B. Gautney, am a Special Agent with the Federal Bureau of Investigation and an "investigative or law enforcement officer of the United States" within the meaning of 18 U.S.C. § 2510(7). That is, I am an officer of the United States who is empowered by law to conduct investigations of and make arrests for offenses under 18 U.S.C. § 2516.

2. I have been employed as a FBI Special Agent since January 2010. I am currently assigned to the Violent Crime Squad in the Norfolk FBI Field Office in Chesapeake, Virginia. I have been the principal investigator in federal investigations involving public corruption, kidnappings, child pornography, narcotics trafficking, and violent gang/criminal enterprise organizations. The violent gang/criminal enterprise investigations have focused in part on drug trafficking involving the unlawful transportation and distribution of controlled substances, violent acts that are used by gang members and drug trafficking organizations (DTOs) to intimidate, control, and facilitate schemes where the gang/DTO obtains money and territory. Through experience and training, I have become familiar with the methods and schemes employed by gang members to obtain and distribute controlled substances. I am also familiar with, and have utilized, a wide variety of investigative techniques, including but not limited to the development of cooperating sources, Title III wiretaps, source debriefings, physical surveillance, trash pulls, controlled purchases, telephone toll record analysis, pen registers, administrative and grand jury subpoenas, search warrants, and electronic surveillance. As a result of my training and experience, I am familiar with federal laws. I have conducted and assisted in investigations into the unlawful possession, possession with intent to distribute, and distribution of controlled substances, and associated conspiracies, in violation of 21 U.S.C. §§ 841 and 846.

3. I make this Affidavit to support a criminal complaint and arrest warrant for LOUIS SHEPPARD, a/k/a "Pete." On the basis of my familiarity, and on the basis of other information which I have reviewed and determined to be reliable, I submit that there is probable cause to believe that LOUIS SHEPPARD, and others known and unknown, have committed, are committing, and will continue to commit violations of federal laws, including conspiracy to distribute, distribution, and possession with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A). SHEPPARD is a member and a major heroin distributor of the Perdue Drug Trafficking Organization (DTO). The Perdue DTO operated and distributed heroin in the Eastern District of Virginia by means of vehicles and buses. The Perdue DTO trafficked the heroin from the New York area to the Tidewater area where the heroin was broken down and divided among its co-conspirators for wholesale and street level distribution.

4. There are two counts: One count of Conspiracy to Manufacture, Distribute, and Possess with Intent to Distribute One Kilogram or More of Heroin, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A); and one count of Possession with Intent to Distribute 100 Grams or More of Heroin and Aiding and Abetting, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2. That second count stems from law enforcement's recovering roughly 800 grams of heroin distributed by SHEPPARD on June 21, 2017, as discussed in paragraphs 10 and 11.

5. The following facts are based on my personal involvement in the investigation and information from written reports, public and law-enforcement database searches, co-conspirator statements, and discussions with other law-enforcement officers and agents. I have not included every fact that I know about this investigation, but only those facts necessary to establish probable cause to issue a criminal complaint and arrest warrants.

2

**PROBABLE CAUSE**

A.  Confidential Human Source #1

6.  Confidential Human Source #1 (CHS-1) is a co-conspirator involved in the Perdue DTO who is now cooperating in the investigation of SHEPPARD. CHS-1 recently met with FBI agents and told them that SHEPPARD was one of his/her main sources of supply for heroin for many years. CHS-1 began purchasing heroin from SHEPPARD in New York City beginning in or about 2011 and trafficked the heroin to the Eastern District of Virginia for distribution. CHS-1 continued to buy heroin from SHEPPARD until December 2015.

7.  CHS-1 estimated he/she bought between 200 to 1000 grams of raw, unmixed heroin from SHEPPARD at each transaction and then distributed the heroin to DTO members in the Tidewater area. CHS-1 further stated that he/she bought from SHEPPARD monthly. CHS-1 concluded that he/she bought a total of 12 to 24 kilograms of heroin from SHEPPARD.

8.  CHS-1 stated the most heroin he/she bought from SHEPPARD at one time was one kilogram for $65,000 to $70,000 in U.S. Currency. CHS-1 twice purchased that much heroin from SHEPPARD. CHS-1 believed SHEPPARD'S source of supply for heroin was a Dominican/Spanish male that resided in the New York City area. CHS-1 advised he/she consistently coordinated purchasing heroin from SHEPPARD via cellular telephone.

B.  Confidential Human Source #2

9.  CHS-2, another co-conspirator involved in the Perdue DTO, is also cooperating in the investigation of SHEPPARD. CHS-2 stated that in December 2016 or January 2017, Rhadu Schoolfield—a lieutenant in the DTO—began text-messaging CHS-2 to coordinate narcotic transactions in New York City. CHS-2 advised that on five or six occasions between January 2017 and June 2017, he/she coordinated transactions between Schoolfield and SHEPPARD.

3

SHEPPARD used phone number (347) 803-8630 to coordinate all narcotics transactions with CHS-2.

10. CHS-2 stated the first transaction involved 125 grams of raw heroin and the last transaction, on June 21, 2017, involved roughly 800 grams of raw heroin. CHS-2 advised he/she coordinated purchasing heroin from SHEPPARD via cellular telephone. CHS-2 also stated SHEPPARD would deliver the heroin in a plastic shopping bag. SHEPPARD could obtain large amounts of heroin in a short period of time.

11. CHS-2 advised that on June 21, 2017, Schoolfield traveled from the Norfolk, Virginia area via "Chinese Bus" to CHS-2's residence in New York City. Once Schoolfield arrived, CHS-2 contacted SHEPPARD via cellular telephone. SHEPPARD delivered a plastic shopping bag containing heroin just outside CHS-2's residence. CHS-2 exchanged U. S. currency provided by Schoolfield for the plastic bag. CHS-2 then transferred the bag of heroin to Schoolfield.

C. Arrests, Searches, and Seizures

12. On June 22, 2017, electronic surveillance revealed that Schoolfield traveled back to the Norfolk, Virginia area via "Chinese Bus." Once in Norfolk, Schoolfield was observed by the investigative team getting off the bus and placing a bag in the trunk of a white Chevrolet Impala and getting into the front passenger side of the vehicle. The surveillance team followed the vehicle, and a member of the Virginia State Police and members of the Chesapeake Police Department initiated a vehicle stop for a broken left tail light and for speeding.

13. A Chesapeake Police K-9 positively alerted on the vehicle, and all occupants were removed from inside in the vehicle. Officers then searched the vehicle and recovered roughly 822 grams of raw heroin from inside the bag that investigators previously observed Schoolfield place

4

in the trunk. Additionally, a small clear plastic baggy containing a grey substance was found in the center console of the vehicle. The Virginia State Lab later tested the suspected drugs and confirmed the presence of heroin. Schoolfield admitted to buying the 822 grams of heroin from CHS-2. CHS-2, in turn, admitted to buying the 822 grams of heroin from SHEPPARD on behalf of Schoolfield.

14. Through an administrative subpoena to AT&T in December 2017, investigators determined that telephone number (347) 803-8630 was subscribed to SHEPPARD, who resided at 79 St. Nicholas Place, Apartment 5B, New York, New York 10032. Telephone records confirm that CHS-2 had coordinated with phone number (347) 803-8630 the transaction involving the 800 grams of heroin.

15. In August 2017, thirteen (13) members of the DTO supplied by SHEPPARD were arrested in Georgia, New York, and Virginia. Law enforcement also executed ten search warrants on DTO properties and recovered more than $110,000 in U.S. Currency, ten firearms, ammunition, heroin, and several vehicles. Additionally, CHS-2 was arrested with more than $60,000 in U.S. Currency.

16. Shortly thereafter, SHEPPARD discontinued use of his phone utilizing (347) 803-8630.

17. All the Perdue DTO co-conspirators later pleaded guilty or were convicted at trial for their part in the heroin-trafficking conspiracy. To date, the aggregate sentences for the DTO members are Life for Perdue himself and more than 205 years in prison for the other DTO members.

## CONCLUSION

18. Based on the above facts, there is probable cause to believe that LOUIS SHEPPARD conspired with known and unknown co-conspirators in a conspiracy to manufacture

distribute, and possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A), and that he possessed with intent to distribute and aided and abetted possession with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2. So I ask the Court to issue a criminal complaint and arrest warrant for him.

    Further your affiant sayeth naught.

                                                Phillip B. Gautney, Special Agent
                                                Federal Bureau of Investigation

Read and Reviewed:

William Jackson
Assistant United States Attorney

    Subscribed and sworn to before me this _____ day of March 2019.

                                                UNITED STATES MAGISTRATE JUDGE
                                                Norfolk, Virginia